POOLER, Circuit Judge:
Bankruptcy trustee Robert L. Pryor appeals from the July 24, 2000, judgment of the United States District Court for the Eastern District of New York (Arthur D. Spatt, J.) affirming the December 3, 1999, order of Bankruptcy Judge Dorothy T. Eisenberg. In this case we balance the trustee’s claim of nearly unfettered discretion in choosing special counsel with the bankruptcy court’s common sense consideration of the unique circumstances before it. Although the law does not always follow the path of common sense, in this case we find that practicality prevails.
BACKGROUND
In August 1994, Christos Vouzianas fell from a ladder at a work construction site and injured his arm and spine. He was not able to return to work after the accident, and in late 1994 he retained the law firm of Ready & Pontisakos (“Ready”) on a contingency fee basis to represent him in a personal injury lawsuit. While the personal injury litigation was ongoing, Christos Vouzianas and his wife, Nota Vouzianas, filed a petition for relief under Chapter 7 of the bankruptcy code on April 2, 1999. Essentially the only asset of the bankruptcy estate is the debtors’ potential recovery in the personal injury lawsuit. Pryor became permanent bankruptcy trustee representing the Vouzianas estate in May 1999.
In June 1999, Pryor applied to the bankruptcy court for approval to retain the law firm of Marcus & Katz to prosecute Vouzianas’ personal injury lawsuit on a contingency fee basis. The trustee’s motion acknowledged that Ready had been representing Christos Vouzianas in the lit *106 igation but nonetheless “elected” to substitute the Marcus law firm. The trustee in his motion papers stated that Marcus & Katz was capable of prosecuting the personal injury lawsuit, and the trustee did not raise any criticism of Ready’s past performance as counsel. Pryor sought the court’s permission for appointment of special counsel pursuant to 11 U.S.C. § 327(a), which states that the trustee “with the court’s approval” may employ attorneys “that do not hold or represent an interest adverse to the estate, and that are disinterested persons” to assist the trustee in his duties. 11 U.S.C. § 327(a).[1]
On June 29, 1999, the bankruptcy court approved the trustee’s application to retain the law firm of Marcus & Katz as special counsel to pursue the underlying personal injury lawsuit. In early September, the trustee and Marcus & Katz each requested that Ready turn over the Vouzianas legal file, but Ready refused to do so. On September 29, 1999, Ready filed a motion in bankruptcy court seeking, among other things, to reverse the court’s appointment of Marcus & Katz and asking permission to stay on as the debtor’s lawyer in the personal injury lawsuit. According to Ready, the trustee had not consulted with the firm before seeking to remove it as counsel. Christos Vouzianas filed an affidavit with the bankruptcy court stating that the trustee did not consult with him before changing his personal injury lawyers, and Vouzianas asked Judge Eisen-berg to allow him to keep Ready as his lawyer. Pryor opposed Ready’s motion and cross-moved pursuant to 11 U.S.C. § 542(e) for an order directing Ready to turn over documents related to the personal injury litigation. In their motion papers, Ready and Pryor disputed which party was responsible for delays in setting the trial date for the underlying personal injury lawsuit, and they argued strenuously about whether Ready was entitled to immediate reimbursement of approximately $5,000 in expenses it paid to advance the litigation.
By an order dated December 3, 1999, the bankruptcy court granted Ready’s motion and denied Pryor’s cross-motion. Specifically, the order reversed the court’s prior order appointing Marcus & Katz and retained “original counsel” Ready as special counsel to the trustee in the underlying personal injury lawsuit. Bankruptcy Judge Eisenberg had conducted a hearing on the issue and found that Pryor failed to make an appropriate inquiry to determine why a change in counsel was warranted. The bankruptcy court considered the circumstances of this case, where the debtor retained “capable counsel” that had been “actively involved for four or five years and has done a reasonable job,” and it gave weight to “the confidence of [the] one witness, which is the injured party.” In ruling in Ready’s favor on the motion, Judge Eisenberg concluded that “certainly some discretion in a personal injury case has to be given to the debtor’s choice and to the work and services that have been performed.” Pryor appealed the bankruptcy court’s decision to the district court.
Judge Spatt affirmed the bankruptcy court order in a written decision dated July 15, 2000. Judge Spatt first held that Section 327(a) did not apply to this case because the statute “does not authorize the *107 Trustee to appoint counsel of his choice with regard to a Debtor’s pre-bankruptcy personal injury cause of action.” Judge Spatt then upheld Judge Eisenberg’s decision that retaining Ready as counsel in the underlying litigation was in the best interests of the bankruptcy estate. The trustee again appealed the adverse decision. In response to our inquiry, counsel for both parties stated that the underlying personal injury lawsuit was scheduled to go to trial in Nassau County Supreme Court on January 29, 2001. During oral argument, however, counsel informed us that the state court adjourned the trial until April 2, 2001, and thus obviated our immediate concern that this appeal may have been moot.
DISCUSSION
I. Standard of review
On this bankruptcy appeal, “we review the bankruptcy court decision independently,” looking at issues of law de novo and accepting findings of fact unless they are clearly erroneous. In re Aro-Chem Corp., 176 F.3d 610, 620 (2d Cir.1999).
II. Choice of special counsel
The question before us is whether the bankruptcy court improperly reversed its previous order appointing the trustee’s choice of Marcus & Katz and approved Ready as special counsel for the underlying personal injury lawsuit. Pryor argues that the bankruptcy court ignored the attorney-client relationship that exists between a trustee and its special counsel and disregarded the trustee’s fundamental right to select his own counsel. According to the trustee, the bankruptcy court misapplied the two-prong test of Section 327(a), and the district court erred when it held that Section 327(a) did not even apply to the facts of this case. Pryor contends that at a minimum the bankruptcy court should have allowed him to choose different special counsel rather than impose its choice upon the trustee. Ready responds that both courts correctly evaluated the best interests of the bankruptcy estate when they permitted Ready to remain in the underlying personal injury case.
Section 327 in general regulates the trustee’s ability to hire professionals and serves the important policy of ensuring that the professionals’ service presents no conflict of interest. See Aro-Chem, 176 F.3d at 621. Section 327(a) sets out a general two-part test that requires professionals working for the trustee and bankruptcy estate to (1) hold no interest adverse to the estate; and (2) be disinterested persons. See 11 U.S.C. § 327(a); see also AroChem, 176 F.3d at 621. “When evaluating proposed retention, a bankruptcy court ‘should exercise its discretionary powers over the approval of professionals in a manner which takes into account the particular’ facts and circumstances surrounding each case and the proposed retention before making a decision.’ ” AroChem, 176 F.3d at 621 (quoting 3 Lawrence P. King, et al., Collier on Bankruptcy, ¶ 327.04[l][a] (15th ed. rev. 1998)). Relevant considerations are “the protection of the interests of the bankruptcy estate and its creditors, and the efficient, expeditious, and economical resolution of the bankruptcy proceeding.” Id. (internal quotations omitted). See also In re Vebeliunas, 231 B.R. 181, 194-95 (Bankr.S.D.N.Y.1999) (holding that Section 327(a) vests discretion in bankruptcy court to disapprove trustee’s choice of special counsel not only for conflict of interest but also for other reasons serving the best interest of the estate).
Section 327(a) therefore requires the bankruptcy court’s evaluation *108 and approval of the trustee’s choice of special counsel. However, in light of the “highly confidential” relationship between the special counsel-attorney and the trustee-client, courts normally will not interfere with that choice. In re Mandell, 69 F.2d 830, 831 (2d Cir.1934). “[I]n general we regard it as inimical to good administration to fasten an attorney on the trustee against his will,” and “[o]nly in the rarest cases should the trustee be deprived of the privilege of selecting his own counsel.” Id. Indeed, we normally accord such deference' to the trustee’s choice that courts will allow the trustee to nominate another attorney if the court finds the first nominee to be unsatisfactory. Id.; see also Collier, ¶ 327.04[l][a]. The general rule of deference to the trustee’s choice of special counsel, however, has its exceptions. Sometimes reasons exist “which make it for the best interest of the estate to have the court select the attorney over the trustee’s objection.” Mandell, 69 F.2d at 831. In those circumstances, we require the bankruptcy court to articulate on the record its reasons for rejecting the trustee’s choice. Id.
The record before us shows that Bankruptcy Judge Eisenberg did not lightly reject the trustee’s choice of special counsel. She recognized the novel circumstances surrounding her decision, noting to Ready that “[fit’s an unusual case. I usually don’t like to supplant [the trustee, and] for good cause ... you would be out of here in five minutes.” The bankruptcy court noted the lack of evidence that Ready was disqualified or incompetent for any reason and Pryor’s failure to support his request for a change in counsel. Of particular importance to us is Judge Ei-senberg’s careful consideration of the interests of the estate in retaining Ready as counsel where the firm had invested time and money in the personal injury lawsuit and developed a sound working relationship with the plaintiff/debtor. Based on the record, the bankruptcy court’s factual findings were not clearly erroneous.[2]
 Pryor contends that the bankruptcy court erred because it failed to apply the two-part test of Section 327(a) to the retention of Ready as special counsel. According to the trustee, the bankruptcy court’s scrutiny of the special counsel nominee is limited to determining adverse interests and disinterest. Clearly, the bankruptcy court is not so limited in its oversight of the trustee’s actions. See Mandell, 69 F.2d at 831; see also In re Harold & Williams Dev. Co., 977 F.2d 906, 910 (4th Cir.1992) (holding that bankruptcy court should take into account the particular facts and circumstances of each case when approving trustee’s selection of professionals). This case presents an unusual circumstance because the bankruptcy court reinstated as special counsel attorneys that had represented the debtor prior to his filing any petition for the limited purpose of continuing that pre-pe-tition relationship. When Judge Eisen-berg noted the lack of any grounds to disqualify Ready, she effectively applied the two-part test of Section 327(a). Moreover, Judge Eisenberg correctly evaluated the entire circumstances of the appointment and the impact that her decision would have on the bankruptcy estate. To that end, the bankruptcy court found that it was in the estate’s best interest to allow the plaintiff/debtor to continue to use per *109 sonal injury counsel with whom he was familiar.
The dissent agrees that allowing Ready to continue as the debtor’s counsel may have been a “good idea” but ultimately concludes that this case does not present an extraordinary circumstance in which the bankruptcy court may reject the trustee’s choice of special counsel. We cannot take issue with the dissent’s view of the facts. We do disagree, however, with the dissent’s undue limitation of Second Circuit precedent in Mandell. The dissent concedes that Mandell remains good law for the proposition that “[o]nly in the rarest cases should the trustee be deprived of the privilege of selecting his own counsel” yet fails to see that a necessary outcome of that situation would be the court’s appointment of special counsel. In other words, if the trustee is deprived of the privilege of choosing counsel, then someone else, namely the bankruptcy court, must assume the privilege. That is precisely what took place here, and the bankruptcy court did so only after supplying good reason as Mandell — and the commentary citing Mandell — requires. Of course, the bankruptcy court may also allow the trustee to make another choice of special counsel or conclude that no special counsel is required at all. Any of these three outcomes, however, is permitted under the current bankruptcy code. We must remember that Section 327 at its most basic level is a judicial check on the trustee’s power, and that is precisely the role that the bankruptcy court here fulfilled.
The success of the underlying personal injury lawsuit is a particularly important consideration in this case because a potential recovery in this litigation is the estate’s only asset. We realize that the importance of the recovery to the estate could have weighed in favor of allowing the trustee to use his preferred personal injury attorneys because the trustee is charged with maximizing the estate assets. See 11 U.S.C. § 704. Plaintiff Christos Vouzianas only is entitled to the first $7,500 recovered from the lawsuit, N.Y. Debt. & Cred. L. § 282(3)(iii), and most of the proceeds of the personal injury action theoretically will belong to the estate. Thus, there is some blurring of the lines between Ready’s representation of debtor and his representation of the trustee. Nonetheless, we see no clear error in the bankruptcy court’s weighing of the facts and her conclusion that Ready’s appointment is in the best interest not only of the debtor but also of the estate.
Pryor also argues that the bankruptcy court erred when it compared Ready with the trustee’s choice of Marcus & Katz. At the time of its decision, the bankruptcy court had approved Marcus & Katz as special counsel. Throughout the subsequent proceedings, neither Ready nor anyone else ever argued that Marcus & Katz did not meet the requirements of Section 327(a). Rather, the bankruptcy court focused on the lack of evidence that Ready was disqualified and in need of replacement. We acknowledge that the procedural context of the bankruptcy court’s decision is unusual because Judge Eisenberg reversed her prior appointment of Marcus & Katz and reinstated Ready. We disagree with Pryor’s contention, however, that Bankruptcy Judge Eisenberg never found that Ready was qualified. We are satisfied that the bankruptcy court evaluated the competence of Ready.
Finally, Pryor assigns legal error to the district court’s conclusion that Section 327(a) did not apply to the facts of this case. Because we find that Bankruptcy Judge Eisenberg correctly applied Section 327(a) in appointing Ready as special counsel, we need not reach the district court’s alternative grounds for affirming the bank *110 ruptcy court. We do note, however, that both courts recognized a valid distinction between a personal injury lawsuit with debtor as plaintiff and other litigation to recover estate assets such as lawsuits alleging fraudulent conveyance, “where any attorney can step in.” In both situations, assets of the estate are involved and the trustee is obliged to maximize the return of assets. However, in the situation of a pre-petition personal injury lawsuit, the trustee or the court may determine that the most efficient way to maximize estate assets is to recognize the inherently personal nature of the litigation and the need to keep intact existing legal relationships.
, CONCLUSION
For the forgoing reasons, we find no error in the bankruptcy court’s appointment of Ready as special counsel, and we affirm the order below. Because the court’s order approving Ready was appropriate, the court made no error in denying Pryor’s motion to obtain from Ready legal files relating to the state court litigation.

. The statute states:
Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee’s duties under this title.
11 U.S.C. § 327(a).

. Even though Judge Eisenberg accepted briefs and heard oral argument, Pryor argues that the bankruptcy court erred in failing to give him an opportunity to supplement the record. However, the trustee was on full notice regarding the relevant issues before the court, which had no obligation to give Pryor another chance to make his arguments.